**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAMES L. GREEN,              *

                      *

        Petitioner,      *

                      *

v.                      *      CASE NO. 4:06-CV-120 (CDL)

                      *          28 U.S.C. § 2254

CYNTHIA NELSON, Warden,  *

                      *

        Respondent.    *

## <u>REPORT AND RECOMMENDATION</u>

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-13).

Petitioner filed a Response (R-18) to Respondent's Motion to Dismiss on January 30, 2007.

On June 22, 2007, Respondent filed an Amended Answer (R-24) and a Reply to Petitioner's

Response to the Motion to Dismiss as Untimely (R-25).  On June 29, 2007, Petitioner filed

a combined Motion for Default Judgment and Motion to Dismiss Respondent's Motion to

Dismiss (R-28).  On July 16, 2007, Petitioner filed a Motion to Supplement the Record along

with exhibits (R-29).

On February 25, 1999, Petitioner was convicted of rape (2 counts), aggravated assault

(2 counts), aggravated sodomy (2 counts), burglary (2 counts), criminal attempt to commit

armed robbery, and possession of a firearm during the commission of a crime in the

Muscogee County Superior Court. (R-16, Ex. 5).  Petitioner was sentenced to life in prison

on Count One, plus a total of forty-five years consecutive to Count One for Counts Two,

Three, Four, Five, Eight and Eleven.  (R-16, Resp. Ex. 5).  In addition, Petitioner was

sentenced to a second term of life, consecutive to Count Five, ten years on Count Nine and five years on Count Ten to be served consecutively to Count Six. *Id.* Petitioner appealed his conviction and sentence to the Georgia Court of Appeals where the same were affirmed on February 21, 2001, with one exception - the court vacated Petitioner's sodomy conviction. *Green v. State*, 249 Ga. App. 546, 547 S.E.2d 569 (2001). (R-16, Ex. 6). The Georgia Court of Appeals denied Petitioner's motion for reconsideration on May 9, 2001. *Id.* The Georgia Supreme Court denied Petitioner's petition for certiorari on October 1, 2001. (R-1-1). On May 20, 2002, the United States Supreme Court denied Petitioner Green's petition for certiorari. *See Green v. Georgia*, 535 U.S. 1080 (2002).

On December 18, 2002, Petitioner filed a state habeas petition in the Ware County Superior Court. (R-16, Ex. 1 and 2). After an evidentiary hearing on March 19, 2003, the petition was denied on August 26, 2005. (R-16, Ex. 3 and 5). Petitioner then filed an application for a certificate of probable cause to appeal, pursuant to O.C.G.A. § 9-14-52, in the Georgia Supreme Court, which was denied on May 9, 2006. (R-16, Ex. 4). Petitioner thereafter filed his present § 2254 petition on October 17, 2006.

<u>The AEDPA Period of Limitations</u>

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas

2

corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).

 The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A) (emphasis added).  In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final.*"  *Id.* at 1339.  The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA.  *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987).  In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for

certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

## Tolling for Motion for Reconsideration

In his Response to the Motion to Dismiss, Petitioner argues that his AEDPA limitations period should have been tolled for two reasons and also, that he is entitled to equitable tolling. (R-18). Petitioner first argues that when the United States Supreme Court denied writ of certiorari, he had twenty (20) days to file a motion for reconsideration in that same court under Rule 38. *Id.*

Petitioner's judgment of conviction became final on May 20, 2002, the date upon which the United States Supreme Court denied certiorari. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (a conviction is "final" for retroactivity purposes when the avenues for appellate review have been exhausted, including the denial by the United States Supreme Court of a petition for writ of certiorari or the time for seeking such review has expired). In *Pugh v. Smith*, the Eleventh Circuit Court of Appeals held, "[i]f a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction." 465 F.3d 1295 (11th Cir. 2006). A motion for reconsideration does not interfere with the finality of the denial of writ of certiorari, nor does it extend the time limitation under the AEDPA. Therefore, Petitioner's argument that he was entitled to tolling during the time in which he could have filed a Motion for Reconsideration is without merit. The AEDPA statute of limitations began to run on Petitioner's § 2254

action on May 21, 2002, and ran until the day the Petitioner filed his state habeas petition on December 18, 2002, allowing 212 days of his 365-day period to elapse.

Mailbox Rule

The filing of the state habeas petition brings us to Petitioner's second argument. Petitioner argues that he should benefit from the "Prisoner Mailbox Rule" as defined in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), when filing his state habeas corpus petition, which would give him a state habeas filing date of December 16, 2002, instead of December 18, 2002. (R-18). *Houston v. Lack* applies only to state prisoner filings in <u>federal</u> court. Petitioner was, in fact, given the benefit of the mailbox rule as set out in *Houston* when he filed his federal habeas corpus petition.[1] Although Petitioner does not argue it, there is a "Mailbox Rule" in Georgia which applies to prisoners. In *Massaline v. Williams*, 274 Ga. 552, 554 S.E.2d 720, 722-23 (2001), the Supreme Court of Georgia adopted the following mailbox rule:

> [W]hen a prisoner, who is proceeding pro se, appeals from a decision on his habeas corpus petition, his application for certificate of probable cause to appeal and notice of appeal will be deemed filed on the date he delivers them to the prison authorities for forwarding to the clerks of this Court and the superior court, respectively.

The Georgia Mailbox rule does not apply to the filing of the original state habeas petition,

---

[1] Petitioner's federal petition for habeas corpus was not received and filed until October 17, 2006, however, Petitioner benefitted from the mailbox rule and the time calculation began on the date the petition was signed, October 11, 2006. (R-2).

5

only to the <u>application for certificate of probable cause to appeal and the notice of appeal</u> of the state habeas petition. *See Riley v. State*, 280 Ga. 267, 626 S.E.2d 116 (2006) (the Supreme Court of Georgia held "*Massaline* by its explicit terms applies only in the narrow context of habeas corpus appeals to permit a pro se petitioner's notice of appeal to be deemed filed on the date delivered to prison authorities"). Therefore, Petitioner's argument that he is entitled to the benefit of the "mailbox rule" as to the filing of his state habeas petition in the trial court, is without merit.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that ". . . an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 53 U.S. 4, 121 S.Ct. 361 (2000) (emphasis added). The Eleventh Circuit has further stated that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. Hence, he had 153 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on May 9, 2006. Based on the foregoing, then, when Petitioner executed his federal habeas petition on October 11, 2006, which was 155 days after his certificate of probable cause was denied, Petitioner's federal limitations period had already expired. Petitioner's petition was, therefore, 2 days out of time.

## Equitable Tolling

Petitioner's third argument contends that he is entitled to equitable tolling because he did not receive notice that his certificate of probable cause was denied by the Georgia Supreme Court on May 9, 2006.

Title 28, United States Code, Section 2244(d)(1) permits equitable tolling only under limited conditions, for example, when an extraordinary factor beyond the Petitioner's control and unavoidable even with diligence prevents him from filing in a timely manner. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990). *See Miller v. Marr,* 141 F. 3d 976, 978 (10th Cir. 1998) (not knowing about the period of limitation until too late is not ground for equitable tolling). The burden is upon Petitioner to show that equitable tolling is warranted. *See Helton v. Sec'y for the Dep't of Corr.'s*, 259

F.3d 1310, 1313-14 (11th Cir. 2001; *see also Justice v. United States*, 6 F.3d 1474, 1478 (11th Cir. 1993).

Equitable tolling is not warranted because of a Petitioner's unfamiliarity with the legal process, nor his lack of representation or mistakes made by his attorney during the applicable filing period and where a petitioner fails to state any "independent efforts" that he made to ascertain the limitations period deadline. *See, Helton*, 259 F.3d at 1313-14; *see also Steed,* 219 F.3d at 1300; *see also Turner v. Johnson* 177 F.3d 390, 391-392 (5th Cir. 1999).

Petitioner argues that he is entitled to equitable tolling from May 9, 2006, until September 29, 2006, because Petitioner claims he did not receive notice during that time that his certificate of probable cause was denied by the Georgia Supreme Court.

In *Knight v. Schofield*, a petitioner filed a an application in the Georgia Supreme Court for discretionary review after the Superior Court of Gwinnett County denied relief on his habeas petition. 292 F.3d 709, 710 (11th Cir. 2002). Knight asked the clerk of court when he could expect a ruling and was informed that he would be notified as soon as a decision was issued. *Id.* On September 9, 1996, the Georgia Supreme Court denied Knight's application for writ or certiorari, exhausting his state court remedies. *Id.* However, notice of the decision was inadvertently sent to the wrong person and Knight was not informed. *Id.* On January 16, 1998, Knight again contacted the Georgia Supreme Court to inquire as to the status of his case. *Id.* Two months later, the clerk of the Georgia Supreme Court informed Knight that his application had been denied eighteen months earlier. *Id.*

Petitioner provided a copy of the letter received from the Clerk of the Georgia Supreme Court which is dated September 29, 2005, and which states that Petitioner would be notified immediately once his application had been ruled upon. (R-29-2, p.2). Petitioner also provided a letter from Autry State Prison which stated that Petitioner Green did not receive any legal correspondence during the month of May 2006. (R-29-2, p.10). In addition, Petitioner provided a copy of a September 19, 2006, letter he wrote to the Clerk of the Georgia Supreme Court inquiring into the status of his case. (R-29-2, p.3). It appears that Petitioner has met his burden under *Knight* for equitable tolling, at the very least from May 9th to May 31st, 2006. Petitioner, however, only needs two days of tolling to be timely under the AEDPA.. Therefore, it is recommended that Petitioner's 28 U.S.C. § 2254 petition be examined on the merits.

## Default Judgment

Petitioner has also filed a Motion for Default Judgment in combination with a Motion to Dismiss Respondent's Motion to Dismiss. (R-28). Petitioner's Motion for Default Judgment complains that the Respondent filed her Answer (R-12) and Motion to Dismiss (R-13), outside the time allotted by the court. *Id.* The court would note that although the Petitioner is correct in stating that the Respondent failed to file her responsive pleadings within the sixty-day time period for doing so, that she did file a Motion for Leave to File Responsive Pleadings Out of Time on January 4, 2006 (R-14), along with her Response and the current Motion to Dismiss. The granting of the Motion for Leave to file Pleadings Out

of Time was within the discretion of the court and was granted on the same day. Thus, it is no longer an issue before the court. In addition, Petitioner argues that the Respondent was untimely in filing her Reply to Petitioner's Response to Respondent's Motion to Dismiss. (R-28). On May 16, 2007, when Respondent was ordered to file an additional response, the date on the docket for filing a response showed a due date of July 16, 2007. (R-22). The next day the clerk of court entered a due date of June 18, 2007. Thus, it is understandable that there might have been a lack of clarity as to the due date of the response. In addition, it is noted that Petitioner filed a Motion to Amend his Petition just four days before the due date of June 18, 2007. (R-23). The court would further note that the Eleventh Circuit Court of Appeals has held that "default judgment is not contemplated in habeas corpus cases." *Aziz v. Leferve,* 830 F.2d 184, 187 (11th Cir. 1989). It has been recommended that Respondent's Motion to Dismiss Petition as Untimely be denied. Therefore, the failure of the Respondent to file a timely answer had no effect on the Petitioner's application for habeas relief. As default judgments are not contemplated in habeas cases, as Petitioner himself filed a late amendment, and as there was a lack of clarity in the due date, the court accepted Respondent's amended answer. For the foregoing reasons, then, Petitioner's Motion to Dismiss and/or Motion for Default Judgment should be DENIED.

Respondent has requested that should her Motion to Dismiss be denied, that she be given a reasonable amount of time to file a brief addressing the grounds of the petition. Therefore, if this recommendation is adopted by the court, it is recommended that

Respondent be given thirty (30) days from the filing of an order adopting said recommendation.

WHEREFORE, IT IS **RECOMMENDED** that Respondent's Motion to Dismiss the Petition as Untimely be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner and Respondent may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 7th day of August, 2007.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc