**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JAMES L. GREEN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:06-CV-120 (CDL) |
| | * | 28 U.S.C. § 2254 |
| CYNTHIA NELSON, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

On February 25, 1999, Petitioner Green, who is currently serving a sentence at Autry State Prison in Pelham, Georgia, was found guilty in the Muscogee County Superior Court of rape (counts 1 and 6), aggravated sodomy (counts 2 and 3), aggravated assault (counts 4 and 8), burglary (counts 5 and 11), criminal attempt to commit armed robbery (count 9), and possession of a firearm during the commission of a crime (count 10). (R-1, p. 2, and R-35-2). Petitioner was sentenced to serve life in prison on count 1, twenty years on count 2 consecutive to count 1, twenty years on count 3 concurrent with count 2, fifteen years on count 4 consecutive to count 2, fifteen years on count 8 concurrent with count 4, ten years on count 5 consecutive to count 4, ten years on count 11 concurrent with count 5, life in prison on count 6 consecutive to count 5, ten years on count 9 consecutive to count 6, and five years on count 10 consecutive to count 9.  (Resp. Ex. 5, Trial Transcript p.254-255). Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals in which he raised five enumerations of error, including ineffective assistance of

counsel. (Resp. Ex. 5, Brief of Appellant, p. 5). On February 21, 2001, the Court of Appeals affirmed Petitioner's convictions, with the exception Petitioner's sodomy conviction. *See Green v. State*, 249 Ga. App. 546 (2001). Petitioner filed a Motion for Reconsideration which was denied on May 9, 2001. The Georgia Supreme Court denied Petitioner Green's petition for certiorari on October 1, 2001. The United States Supreme Court denied Petitioner Green's petition for writ of certiorari on May 20, 2002. *Green v. Georgia*, 535 U.S. 1080 (2002).

On December 18, 2002, Petitioner filed a state habeas petition which was ultimately denied on August 26, 2005. (Resp. Ex. 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court May 9, 2006. (Resp. Ex. 4). On October 17, 2006, Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254 (R-1) and a Motion to Amend on October 23, 2006 (R-3). Respondent filed her Answer-Response on January 4, 2007 (R-12), a Supplemental Answer-Response on June 22, 2007 (R-24), and a Second Supplemental Answer-Response on September 25, 2007 (R-35).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

>           (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>           (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>           (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>           (A) the claim relies on –
>           (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>           (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly

> established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

### **Petitioner's Claims**

Petitioner's application for a federal writ of habeas corpus cites seventeen grounds for relief. Specifically, Petitioner contends that he suffered: 1) a Fourth Amendment violation in that a police officer swore falsely to obtain a search warrant and the evidence obtained from such search was used to convict Petitioner at trial; 2) a Fifth Amendment violation when the prosecutor improperly commented on Petitioner's failure to testify; 3) a Fourteenth Amendment violation in that there was insufficient evidence for a conviction on

4

count 3 (aggravated sodomy) of the indictment; 4) a Sixth Amendment violation in that trial counsel was ineffective for failing to object to the prosecutor's "Golden Rule" argument; 5) a Sixth Amendment violation in that trial counsel was ineffective for failing to file a motion to suppress blood evidence obtained from Petitioner by use of a false affidavit; 6) a Sixth Amendment violation in that trial counsel was ineffective for failing to file a motion to sever the two separate crimes; 7) a Fourteenth Amendment violation in that there was insufficient evidence for a conviction on count 6 (rape); 8) a Fourteenth Amendment violation in that there was insufficient evidence for a conviction on count 11 (burglary); 9) a Fourth Amendment violation in that Petitioner was arrested in his residence without an arrest warrant; 10) a Sixth Amendment violation in that appellate counsel failed to raise the issue of ineffective assistance of trial counsel regarding trial counsel's failure to argue the issue of Petitioner's illegal search and seizure; 11) a Fourteenth Amendment due process violation because a detective was allowed to testify regarding the results of a blood test over Petitioner's objection; 12) a Fourteenth Amendment due process violation based upon improper comments of the prosecutor; 13) a Sixth Amendment Violation in that appellate counsel failed to raise the issue of ineffective assistance of trial counsel regarding trial counsel's failure to object to the prosecutor's opening and closing arguments; 14) a Sixth Amendment Violation in that appellate counsel failed to raise the issue of ineffective assistance of trial counsel regarding trial counsel's failure to conduct discovery and recognize that the detective lied on the search warrant; 15) a Sixth Amendment Violation in that appellate counsel failed to raise several non-frivolous issues regarding the ineffective

5

assistance of trial counsel; 16) a Fourteenth Amendment violation in that there was insufficient evidence for a conviction on count 10 (possession of a firearm during the commission of a crime); and 17) a Sixth Amendment violation in that appellate counsel failed to raise the issue of ineffective assistance of trial counsel for failure to object to the prosecutor's improper comments regarding Petitioner's failure to testify. (R-1 and R-3).

## I. Procedural Default

In **Ground One**, Petitioner contends that he suffered a Fourth Amendment violation in that a police detective swore falsely that she had evidence in her possession to support a search warrant, that such evidence did not exist, that she received a search warrant, and that the evidence seized pursuant to the warrant was used to convict Petitioner. In **Ground Two**, Petitioner argues that he suffered a Fifth Amendment violation in that during his closing argument, the prosecuting attorney commented on Petitioner's failure to testify by stating that the evidence was "unopposed, unrebutted, unrefuted, and uncontradicted." In **Ground Six**, Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to file a motion to sever his trial in that there were two separate victims and two separate crimes. In **Ground Nine**, Petitioner alleges that he suffered a Fourth amendment violation in that he was arrested inside his residence without an arrest warrant and without exigent circumstances. In **Ground Twelve**, Petitioner contends that he suffered a Fourteenth Amendment violation in that the prosecuting attorney urged the jury to "vote your conscience," used the phrase "Bible says," and inflamed the passions of the jury. In

**Ground Fourteen**, Petitioner alleges that he received ineffective assistance of appellate counsel because counsel failed to raise the issue of ineffective assistance of trial counsel for failure to conduct adequate discovery. In **Ground Fifteen**, Petitioner argues that he received ineffective assistance of appellate counsel because counsel abandoned "several non-frivolous issues on appeal."

The Respondent argues that each of these claims are procedurally defaulted. The Eleventh Circuit Court of Appeals has held that "[a] state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999): *citing Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey*, 172 F.3d at 1302; *citing Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1995); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey*, 172 F.3d at 1303 (11th Cir. 1999); *citing Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied. 525 U.S. 963,

119 S.Ct. 405, 142 L.Ed.2d 329 (1998) (additional citations omitted).

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes*. 433 U.S. 72. A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt

8

is present. *Sykes,* 433 U.S. at 91.  A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings.  *Harmon v. Barton,* 894 F.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); s*ee McCoy v. Newsome,* 953 F.2d 1252 (1992).

The record reveals that **Grounds One, Two**, and **Twelve** were raised by Petitioner in his state habeas application filed in Ware County.  The state habeas court ruled that the claims were procedurally defaulted as they were not raised post-trial and on direct appeal to the Georgia Court of Appeals.  The state habeas court correctly determined Petitioner's claim was procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336, S.E.2d 754 (1985),  as Petitioner failed to raise the issue on direct appeal.

As to **Grounds Six, Nine, Fourteen,** and **Fifteen**, the record reveals that Petitioner did not raise the claims alleged at any time prior to his federal habeas petition.  The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga.Code Ann. § 9-14-51.  In this case there is no such indication, therefore, we conclude that a state habeas court would hold Chambers' claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

9

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

Inasmuch as Petitioner's claims are legally barred in the State court for not having been timely raised there, they are, by the foregoing federal authority, likewise barred from consideration in this court. Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

As to **Grounds One, Two, Six, Nine, Twelve, Fourteen** and **Fifteen**, Petitioner has failed to establish cause for his failure to timely raise the issues or establish that a miscarriage of justice occurred which would excuse the default on these claims. Thus, **Grounds One, Two, Six, Nine, Twelve, Fourteen** and **Fifteen** are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

II.  **Ineffective Assistance of Counsel**

In **Ground Four**, Petitioner alleges that he received ineffective assistance of trial counsel because counsel failed to object to the State's "golden rule" argument. In **Ground Five**, Petitioner alleges that he received ineffective assistance of trial counsel because

counsel failed to file a motion to suppress blood evidence taken from Petitioner pursuant to a false affidavit. In **Ground Ten**, Petitioner alleges that he received ineffective assistance of counsel because appellate counsel failed to raise ineffective assistance of trial counsel regarding trial counsel's failure to object to Petitioner's illegal search and seizure. In **Ground 13**, Petitioner alleges that he received ineffective assistance of counsel because appellate counsel failed to raise ineffective assistance of trial counsel regarding trial counsel's failure to object to the prosecuting attorney's opening statement and closing argument. In **Ground 17**, raised in the amended petition, Petitioner alleges that he received ineffective assistance of counsel because appellate counsel failed to raise on appeal that the prosecutor improperly commented, during closing arguments, on Petitioner's failure to testify.

**Grounds Four** and **Five** were raised by Petitioner in his direct appeal to the Georgia Court of Appeals where they were decided against him. *See Green v. State*, 249 Ga. App. 546 (2001). The state court, in finding that Petitioner's trial counsel was not ineffective, relied on *Zant v. Moon,* 264 Ga. 93, 97(2), 440 S.E.2d 657 (1994), which cited to and utilized the standard set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* held that, at least in regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. The Supreme Court of Georgia, viewing the

evidence in a light most favorable to the verdict, found that trial counsel was not ineffective and clearly articulated such evidence.

As stated above, this court has the authority to grant a writ of habeas corpus where an adjudication made by the state court was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Where this court finds that the Petitioner has failed to show any improper determinations made by the state court, however, it is without the authority to disturb the state court's findings.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness of the determination of the factual issues regarding his claims of ineffective assistance of trial counsel. There is nothing in the record to suggest that the decision by the Court of Appeals of Georgia resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, it is recommended that Petitioner is not entitled to relief on **Grounds Four** and **Five**.

Petitioner raised **Grounds Ten**, **Thirteen**, and **Seventeen** in his state habeas petition. In analyzing Petitioner's ineffective assistance of appellate counsel claims as argued in his state habeas petition, the Ware County Superior Court utilized the standards set out in *Strickland v. Washington.* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Strickland* held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Id*. at 687. In *Woodford,* the United States Supreme Court held:

> Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

*Woodford v. Visciotti,* 537 U.S. 19, 24-5, 123 S.Ct. 357, 360, 361 (2002).

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-397, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v.*

*Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117. As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Ware County Superior Court found that appellate counsel's decision to focus on the issues he found to be meritorious and not to raise other issues was not unreasonable. (R-31, Resp. Ex. 3, p. 13-15). The state habeas court further found that Petitioner had failed to establish either prong of ineffective

assistance of counsel *Id.* at 15. Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on **Grounds Ten**, **Thirteen**, and **Seventeen**.

### III. Remaining Claims

In **Ground Three**, Petitioner alleges that he suffered a Fourteenth Amendment violation in that the evidence was insufficient to support his conviction on count 3 (aggravated sodomy) of the indictment. In **Ground Seven**, Petitioner contends that he suffered a Fourteenth Amendment violation in that the evidence was insufficient to support his conviction on count 6 (rape) of the indictment. In **Ground Eight**, Petitioner contends that he suffered a Fourteenth Amendment violation in that the evidence was insufficient to support his conviction on count 11 (burglary) of the indictment. In **Ground Sixteen**, Petitioner contends that he suffered a Fourteenth Amendment violation in that the evidence was insufficient to support his conviction on count 10 (possession of a firearm during the commission of a crime) of the indictment.

**Grounds Three**, **Seven**, **Eight**, and **Sixteen** were raised by Petitioner in his direct appeal to the Georgia Court of Appeals where they were decided against him. *See, Green v.*

*State*, 249 Ga. App. 546, 547 S.E.2d 569 (2001). The state court, in finding that Petitioner's convictions on these counts of the indictment were not obtained contrary to, or in violation of, clearly established law, relied on the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), to determine whether the trial court had erred. The Appellate Court, viewing the evidence in a light most favorable to the verdict, found that sufficient evidence supported Petitioner's convictions and clearly articulated such evidence.

There is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Likewise, there is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Therefore, it is recommended that Petitioner is not entitled to relief on **Grounds Three**, **Seven**, **Eight**, and **Sixteen**.

In **Ground Eleven**, Petitioner alleges that he suffered a Fourteenth Amendment violation in that the trial court allowed a police detective to testify to the results of a blood test over Petitioner's objection. Petitioner raised a similar issue on direct appeal, asserting the claim as error on the part of the trial court for violating the state hearsay law, rather than a Fourteenth Amendment claim. (R-31, Resp. Ex. 5, Appellant's Brief, p. 17-18). The

Georgia Court of Appeals found that "[w]hile the court may have abused its discretion by allowing [Detective] Tovey to testify as to the results of the blood test[1], any error was harmless, given the overwhelming evidence of Green's guilt." *Green*, 249 Ga. App. At 555. Petitioner raised this issue in his state habeas petition as a due process violation. (R-31, Resp. Ex. 1, p. 7). The state habeas court found that the issue had been raised on direct appeal and decided adversely to Petitioner, and that, as the findings of the appellate court are binding on the state habeas court, the issues were precluded from relitigation under *Gaither v. Gibby*, 267 Ga. 96, 97(2), 475 S.E.2d 603 (1996). (R-31, Resp. Ex. 3, p. 6).

This Court is without authority to disturb the finding of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). As was stated above, for this court to have the authority to grant Petitioner the relief he seeks, he must establish that the findings of the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254, *Williams v. Taylor*, 529 U. S. 362, 120 S. Ct. 1495 (2000). The court finds that Petitioner has failed to present any such evidence. Therefore, it is recommended that Petitioner is not entitled to relief on this **Ground Eleven**.

It should be noted that Petitioner has two motions currently pending before the court.

---

[1] The testimony of Detective Tovey did not concern the blood testing of Petitioner, but rather another subject that was subsequently ruled out as a suspect. (R-31, Ex. 5, Trial Transcript, p. 170-171).

Specifically, Petitioner has filed a Motion for Review of Search Warrant (R-36) and a Motion to Amend/Supplement the Record (R-37). Pursuant to the findings above, the Court recommends that the pending motions be DENIED as moot.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as well as his various pending motions, be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of October, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc