**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAMES L. GREEN, :
:
    Petitioner, :
:
vs. : 4:06-CV-120 (CDL)
: 28 U.S.C. § 2254
CYNTHIA NELSON, Warden, :
:
    Respondent. :

**RECOMMENDATION**

On remand from the Eleventh Circuit, this Court was instructed to address Grounds Fourteen and Fifteen of Petitioner's application for federal habeas relief under 28 U.S.C. § 2254. *Green v. Nelson*, 595 F.3d 1245, 1254 (11th Cir. 2010). In both grounds, Petitioner claims that his Sixth Amendment rights were violated due to ineffective assistance of appellate counsel. Specifically, in Ground Fourteen, Petitioner claims that his appellate counsel was ineffective in failing to "raise an ineffective assistance of trial counsel claim on trial counsel for his failure to conduct discovery and recognize that the detective lied on the affidavit for search warrant, and remedy the situation by requesting a *Franks* hearing to challenge the truthfulness of the affidavit." (Doc. 1 at 9). Likewise, in Ground Fifteen, Petitioner contends that his appellate counsel was ineffective in failing to raise trial counsel's ineffective assistance "for failing to file a motion to sever and to litigate that [Petitioner] was subjected to an illegal search and seizure." (Doc. 1 at 9). For the reasons described hereinbelow, it is recommended that

Petitioner's Application for a Writ of Habeas Corpus based on Grounds Fourteen and Fifteen be DENIED.

## DISCUSSION[1]

**I. Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

---

[1] A detailed recitation of the procedural history and facts of this case can be found in the Report and Recommendation of this Court from October 19, 2007. (Doc. 39). The Court finds it unnecessary to repeat those facts and incorporates them herein. *See also Green v. Nelson*, 595 F.3d 1245, 1249-52 (11th Cir. 2010).

> (A) the claim relies on –
>
>> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U.S. 362 (2000), the United States Supreme Court set forth the present standard of review for an application for writ of habeas corpus in the federal district court. Specifically, in interpreting the AEDPA, the Court explained:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412-13. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal

> habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 411.

## II. Ineffective Assistance of Appellate Counsel

In this case, Petitioner claims that his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective. In order to establish that his appellate counsel was ineffective, the Petitioner must show that his appellate counsel's legal representation was deficient *and* that this deficiency actually prejudiced the Petitioner. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to meet this burden, Petitioner must first establish that trial counsel was ineffective. If trial counsel is not ineffective, appellate counsel cannot be ineffective for failing to argue trial counsel's ineffectiveness. *See, e.g. Cochran v. Fraizer*, 2010 WL 1745272, at *3 (11th Cir. May 03, 2010); *Williams v. Secretary, Dep't. of Corrections*, 2007 WL 3024278, at * 13 (M.D.Fl. October 15, 2007) (Petitioner could not establish underlying claims of ineffective assistance of trial counsel and therefore could not satisfy the *Strickland* standard on his claim of ineffective assistance of appellate counsel).

As the basis for his ineffective assistance of appellate counsel claims in Grounds Fourteen and Fifteen, the Petitioner alleges that his trial counsel was ineffective in several ways: (1) by failing to conduct discovery to reveal that the detective lied on his affidavit for a search warrant and for failing to request a *Franks* hearing to remedy the situation;

4

(2) by failing to contend that Petitioner was subject to an illegal search and seizure; and (3) by failing to file a motion to sever. The first two of these arguments have been directly or indirectly determined by this Court or the Eleventh Circuit. The third argument, concerning trial counsel's failure to move to sever, must be addressed for the first time by this Court.

### A. Trial counsel's failure to conduct discovery regarding the search warrant affidavit and failure to request a *Franks* hearing

The Eleventh Circuit found that Petitioner's trial counsel was deficient in performance in failing to move to suppress blood and DNA evidence obtained by the contested search warrant. *Green*, 595 F.3d at 1251. However, the Eleventh Circuit went on to explain that counsel's deficient performance did not result in prejudice to the Petitioner because, even excluding any false statements on the warrant affidavit, "probable cause existed to obtain a search warrant for [Petitioner's] blood and DNA evidence." *Id.* at 1252. Thus, even assuming that the state court made an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" regarding Petitioner's Ground Fourteen herein, 28 U.S.C. § 2254(d), a review of the merits of the claim reveals that the claim itself will not support the granting of federal habeas relief. The Petitioner suffered no prejudice from either trial counsel's failure to conduct discovery regarding the warrant affidavit or his failure to request a *Franks* hearing. As such, appellate counsel's failure to argue that trial counsel was ineffective on such grounds is neither deficient performance nor prejudicial to Petitioner. It is

5

therefore recommended that Petitioner's claim for habeas relief be denied as to Ground Fourteen.

### B. Trial counsel's failure to contend that Petitioner was subject to an illegal search and seizure

Petitioner's claim that appellate counsel rendered ineffective assistance in failing to raise the issue of trial counsel's ineffectiveness regarding trial counsel's failure to challenge an alleged illegal search and seizure was previously addressed by this Court, and found to be without merit. (Doc. 39 at 12-15; Doc. 43). Specifically, this Court explained that this issue was addressed in Petitioner's state habeas application, that the state court found that Petitioner's claim failed the *Stickland* test, and that Petitioner failed to show that the state habeas court unreasonably applied *Strickland*. (Doc. 39 at 12, 15). As Petitioner has failed to establish that trial counsel was ineffective on this ground, he also fails to establish that appellate counsel was ineffective for failing to raise trial counsel's effectiveness on this ground. Petitioner's claim for habeas relief should therefore be denied as to this part of Ground Fifteen.

### C. Trial counsel's failure to move to sever

Petitioner's last claim was not previously addressed by this Court. Specifically, Petitioner claims that his appellate counsel was ineffective for failing to allege that his trial counsel's performance was defective because trial counsel did not move to sever.

In analyzing Petitioner's ineffective assistance of appellate counsel claim as argued in his state habeas petition, the Ware County Superior Court utilized the standard

in *Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668 (1984). In *Woodford v. Visciotti,* 537 U.S. 19 (2002), the United States Supreme Court explained that

> [u]nder § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An *unreasonable* application of federal law is different from an *incorrect* application of federal law.

537 U.S. at 24-25 (internal quotation marks and citations omitted) (emphasis in original). The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney.")

As stated, *supra*, *Williams v. Taylor*, 529 U.S. 362 (2000), sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this Court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States

7

Supreme Court, or is an unreasonable finding based on the facts of the case. *See Early v. Packer*, 537 U.S. 3, 7-8 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams*, 529 U.S. at 410.

Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the issues regarding his claim of ineffective assistance of appellate counsel. The record reveals that the Ware County Superior Court found that the Petitioner failed to overcome the presumption of effective performance or establish a reasonable probability that a different result, but for alleged error by counsel on appeal, would have occurred. (Resp't's Ex. 3 at 15). Specifically, the Ware County Superior Court explained that Petitioner's appellate attorney "rejected an ineffective assistance of trial counsel claim based on failure to move to sever counts because even if the charges were severed, they could have been introduced in each trial as similar transactions." (Resp't's Ex. 3 at 13). The court looked at whether Petitioner established that the failure to raise this issue on appeal "'was an unreasonable tactical move which no competent attorney in the same situation would have made.'" (Resp't's Ex. 3 at 12 (quoting *Smith v. State*, 276 Ga. 14, 16, 573 S.E.2d 64 (2002)). The court found that the appellate counsel reasonably "raised the ineffective assistance of trial counsel claims which he believed had merit," (*Id.* at 13) and that he "[u]ltimately . . . raised the issues which in his professional judgment were the best issues and most likely to be successful." (*Id.* at 15). The court further explained that appellate counsel "winnow[ed] out weaker [ineffectiveness of trial

counsel] issues as a strategy matter." (*Id.*).

The state habeas court thus evaluated appellate counsel's decision under *Strickland* and found that Petitioner's claim failed "to establish either prong of the ineffective assistance of appellate counsel" standard. (Resp't's Ex. 3 at 15). A review of the state habeas court's decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. It is therefore recommended that Petitioner is not entitled to relief as to this part of Ground Fifteen.

## CONCLUSION

WHEREFORE, for the aforementioned reasons, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED** as to Grounds Fourteen and Fifteen. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 22nd day of December, 2010.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb